**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2730
_____

UNITED STATES OF AMERICA

v.

CHARLENE APELIAN,
                              Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 10-cr-00318-001)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted Under Third Circuit LAR 34.1(a)
December 9, 2011
_____

Before: HARDIMAN, BARRY, Circuit Judges and RUFE,[*] District Judge

(Opinion Filed:  January 5, 2012)
_____

OPINION
_____

BARRY, Circuit Judge

        Appellant Charlene Apelian appeals her judgment of sentence after pleading guilty

_____

[*]  Honorable Cynthia M. Rufe, United States District Judge for the Eastern District of
Pennsylvania, sitting by designation.

to unlawful use of an access device.  We will affirm.

## I.

Between May 2005 and June 2007, Apelian used a bank account routing number belonging to Realogy Corporation to illegally divert money to her personal accounts. The vast majority of these payments were made to Apelian's American Express credit card account, which she used to make purchases at a variety of retailers, restaurants, and service providers.  All told, Apelian obtained a total of $294,864.02 from her unlawful use of the routing number.  After her conduct was discovered, Apelian was charged in a one-count information with unlawful use of an access device in violation of 18 U.S.C. § 1029(a)(2).  On May 11, 2010, she waived indictment and pleaded guilty to the information pursuant to a plea agreement.

On June 13, 2011, the District Court held a sentencing hearing.  The Court calculated a total offense level of 15 with a criminal history category of II, resulting in an advisory Guidelines range of 21 to 27 months.  Turning to the factors of 18 U.S.C. § 3553(a), Apelian argued that a probationary sentence was sufficient to satisfy the purposes of sentencing, and that a term of imprisonment would be unduly punitive due to her financial situation and medical needs.  In particular, Apelian noted that she suffered from fibromyalgia, chronic fatigue and immune dysfunction syndrome, post-traumatic stress disorder, and certain other mood and anxiety disorders.  Apelian treated these disorders with a regimen of medications and herbal supplements, which she claimed took

2

her and her doctors years to develop. She argued that imprisonment would disrupt her treatment regimen and that the Bureau of Prisons (BOP) could not provide all the medications and supplements that were part of her regimen. Apelian also argued that her physical and mental health would likely deteriorate in the prison setting. With respect to her finances, Apelian argued that a term of imprisonment would render her unable to prevent foreclosure proceedings on her home, and her Social Security disability benefits would be discontinued during her imprisonment. After hearing argument, the District Court concluded that Apelian's circumstances did not merit a probationary sentence, but that a downward variance to a sentence of 18 months' imprisonment was appropriate. Apelian timely appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and review Apelian's challenge to the substantive reasonableness of her sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 46 (2007). We have held that the "substantive reasonableness inquiry must be highly deferential" because "the sentencing judge, not the court of appeals, is in a superior position to find facts and judge their import under § 3553(a) in the individual case." *United States v. Merced*, 603 F.3d 203, 214 (3d Cir. 2010) (internal quotation omitted). As this Court has explained:

> For a sentence to be substantively reasonable, a district court must apply the § 3553(a) factors reasonably to the circumstances of the case. A sentence that falls within the recommended Guidelines range, while not presumptively reasonable, is less likely to be unreasonable than a sentence outside the range. The pertinent inquiry is whether the final sentence,

3

wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors.

*United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007) (internal citations and quotation marks omitted). "The party challenging the sentence bears the ultimate burden of proving its unreasonableness . . . ." *Id*. Ultimately, the sentence must be affirmed "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009).

We conclude that the District Court did not abuse its discretion in refusing to vary downward to a probationary sentence. After hearing rather extensive argument from the parties, the District Court gave careful and judicious consideration to Apelian's arguments regarding her mental and physical health, her medication needs, and her financial situation. With respect to Apelian's physical health, the District Court agreed that her autoimmune disease was "of concern," but noted that individuals with severe diseases are routinely treated in the BOP. The District Court also observed that much of Apelian's treatment regimen consisted of non-FDA-approved supplements, which it deemed less compelling than prescription medication treatment. In any event, the District Court cited documentary evidence from the BOP to conclude that Apelian's medication needs could be adequately addressed in the BOP system, either through the BOP formulary, the purchase of supplements at the prison commissaries, or by a non-formulary request from Apelian's treating physician. With respect to her financial situation, the

4

District Court found Apelian's arguments undermined by the fact that, despite financial difficulties with her bills and mortgage, Apelian had recently purchased a new car and had otherwise made poor financial choices.

The District Court clearly found that Apelian's arguments were entitled to *some* weight, as it granted a variance three months below the bottom of the Guidelines range. Although Apelian believes that her arguments warranted an even greater variance, we have held that a district court's "decision to accord less weight to mitigation factors than that urged by [the defendant] does not render the sentence unreasonable." *United States v. Young*, 634 F.3d 233, 243 (3d Cir. 2011). The District Court properly considered other factors under § 3553(a), including the fact that Apelian's criminal conduct was a two-year scheme involving the theft of almost $300,000 that was used to purchase things well beyond the mere necessities of life. The District Court also considered, as it was entitled to do, the fact that Apelian had committed previous financial and fraudulent crimes, including passing bad checks and fraudulently using a neighbor's checks and bank account information. Despite these other fraudulent crimes, Apelian had never served a custodial sentence. Quite simply, the District Court did not abuse its discretion in this case.

## III.

For the foregoing reasons, we will affirm the judgment of sentence.